The judgment of the court was pronounced by
Slidell, J.
Perkins was the surety of Hurell, in a twelve months’ bond, executed by the latter, dated in 1835, and bearing five per cent interest, from date. This bond was soon afterwards transferred by the obligee to the Bank of Louisiana. When it matured, an extension of one year was given by the *225 cashier of the branch of the bank, upon payment of a part of the capital, of the interest accrued, and one year’s interest in advance on the balance, at nine per cent. Similar extensions were granted from time to time on similar terms, during a period of several years; and, at length, in 1847, the bank issued execution for the balance of capital due on the bond, and interest from January, 1847, until paid. No assent of the surety to the extension is proved. The surety contends that he has been discharged by these acts of the creditor. There was judgment in his favor in the court below.
It is said, on the part of the bank* that the cashier had no authority to grant the indulgences, and thus impair the rights of the corporation. It is unnecessary to consider the question of original authority. The bank has received the amounts of principal, and nine per cent interest, paid from time to time, and given credit for them. It has taken the benefit of the acts of the agent; and, in so doing has ratified them.
It is said, that where there is a judgment against the surety, the giving time after such judgment to the principal does not discharge the surety. And, assuming this to be the rule, the bank next assumes that Perkins is a judgment debtor, beeause he is a debtor upon a twelve months’ bond. Whether the first proposition is correct, we need not enquire; for the second is not, in our opinion, tenable. A debtor upon a twelve months’ bond is not a judgment debtor. It is true, that upon a twelve months’ bond the creditor may have execution against the purchaser and his surety “in the same manner as on a final judgment.” C. P. 719. But the professions of a single quality of a judgment does not clothe the instrument with all the qualities of a judgment, and superinduce all the legal consequences which pertain to a judgment. For example, it could not be pretended that the recording of a twelve months’ bond in the mortgage office would create a judicial mortgage.
Judgment affirmed, with costs.